Dear Mr. Zeno:
You have asked this office if a member of the Jackson Parish Police Jury may also serve as a member of the board of directors of the Jackson Parish Council on Aging. Your question arises because the Jackson Parish Police Jury contributes funding to the operation of the Jackson Parish Council on Aging. Since this scenario prompts our review of the Dual Officeholding and Dual Employment Law, R.S. 42:61, et seq., we must first determine whether a member of the board of directors of the Jackson Parish Council on Aging holds an office or employment which is in fact regulated by the dual officeholding provisions.
Parish councils on aging are authorized by the state for the purpose of assisting the Office of Elderly Affairs in administering, at the local level, the planning and delivery of services to the elderly of the various parishes. See R.S. 46:1601, et seq., entitled "Parish Voluntary Councils on the Aging". Pursuant to R.S. 42:1602(A), any five or more citizens of a parish may apply to the Governor's Office of Elderly Affairs for a charter creating a parish voluntary council on aging. The Secretary of State issues such a charter, after approval of the application by the Office of Elderly Affairs.[1] Upon issuance of the charter, the parish voluntary council on aging is authorized to receive public funds from any governmental or political subdivision.See R.S. 46:1602(A). Under R.S. 42:1602(D), "each parish voluntary council on the aging shall be voluntary as to its membership and as to all plans, programs and activities, and each shall be non-profit making and politically non-partisan and non-factional and shall be non-sectarian." *Page 2 
Pursuant to R.S. 46:1605(A), a parish voluntary council on aging "shall be governed by the policies and regulations established by the office [of Elderly Affairs] and upon review and recommendation of the Louisiana Executive Board on Aging as provided in R.S. 46:934." A parish voluntary council on aging ceases to function under the provisions of Title 46 if its charter is revoked by the Office of Elderly Affairs.See R.S. 46:1605(B). Thus, "parish voluntary councils on aging are entities that must abide by the policies established by the Office of Elderly Affairs". See Opinion 91-411.
Title 4, Part VII of the Louisiana Administrative Code (LAC) pertains to the Governor's Office. Chapter 11 of Part VII governs "Elderly Affairs", and within Subchapter C § 1153(B) the Office of Elderly Affairs has promulgated the following guidelines which govern the selection of the board of directors for a parish council on aging:
Board of Directors
 1. The board of directors (the board) shall be composed of no less than 11 members and not more than 21 with provisions in the by-laws for staggered terms of office. By-laws shall specify the exact number of board members. If at any time the board membership is less than 11 members, the board shall not be considered a legally constituted board. The remaining members shall fill the vacancy in accordance with § 1153.B.4 of this manual.
 2. Members of the board shall be elected by the general membership of the council on aging. Ballots shall be prepared from the list of nominees submitted by the Board Development Committee. The presiding officer shall allow ample time for nominations and shall recognize all nominations, including those from the floor, before declaring the nominations closed. All nominations from the floor shall be added to the ballot. Voting shall be conducted by secret ballot. Ballots shall be counted in full view of the general membership. If no nominations are received from the floor, board members may be elected by acclamation.
 3. Members of the board shall be elected for terms of three years with approximately one-third elected each year. The word "year" is defined as the period from the date of the annual meeting of one year to the date of the annual meeting of the following year, inclusive. Each board member shall serve until a replacement is appointed or his/her successor is elected.
 4. Whenever a position on the board becomes vacant during the year, the board shall elect a temporary replacement within 60 days. *Page 3 
The replacement shall serve until the next annual meeting, at which time a successor shall be elected by the membership to fill the vacancy for the remainder of the unexpired term. A person elected to fill an unexpired term for at least 18 months shall be considered to have occupied the position for a full term.
 5. General requirements
 a. There shall be parish wide representation on the board.
 b. Members of the board must have the knowledge and expertise in the areas of business and financial management needed to manage the affairs on the council on aging.
 c. Members of the board shall reside in the parish throughout their tenure.
 d. Not more than one-half of the board membership may be elected officials.
 6. Restrictions
 a. Any member of the board who shall have served as such for two consecutive full terms shall be ineligible for re-election for a period of one year immediately following the expiration of such second full term.
 b. Former council on aging staff members shall not serve on the board of the same agency for a period of two years immediately following separation from employment.
 c. Former council on aging board members shall not serve as paid agency staff of the same agency for a period of two years immediately following separation from the board.
 d. Except for the staff director, who may be an ex-officio member with a voice in discussions but with no vote, paid staff members are prohibited from serving on the board.
 e. Immediate family members shall not serve on the board at the same time. Immediate family is defined as follows: husband, wife, father, mother, sister, brother, son, daughter, grandmother, grandfather, father-in-law, mother-in-law, sister-in-law, brother-in-law, son-in-law, daughter-in-law. *Page 4 
The cited guidelines do not specifically prohibit a member of the board of directors from also holding elective office. Rather, the guidelines infer that some of the membership may be elected officials, as § 1153(B)(5)(d) states "not more than one-half of the board membership may be elected officials".
Turning to an examination of the dual officeholding statutes as may be applicable here, note that these laws (R.S. 42:61, et seq.) contemplate the holding of two or more elective or appointive offices and/or employments as defined by R.S. 42:62. One position considered herein, that of police juror, constitutes "elective office" as defined by R.S.42:62(1):
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
However, the second position of member of the board of directors is not one which falls within the definitions of R.S. 42:62. Under § 1159(F) of the LAC guidelines, a member of the board of directors of the parish voluntary councils on aging "shall receive no per diem or other compensation for their services"; thus, a board member does not hold "employment" as defined by R.S. 42:62(3).[2] A board member does not hold "elective office" under R.S. 42:62(1) because the position is not "filled by vote of the citizens of this state or of a political subdivision thereof; rather, a board member is elected from the general membership of its non-profit corporation. Thus, in order for the prohibitions of the dual officeholding law (including the incompatibility provisions of R.S. 42:64[3]) to apply, a member of the board of directors must hold "appointive office" as defined by R.S.42:62(2): *Page 5 
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
Under R.S. 42:62(2) an "appointive office" is a position defined by law to be "specifically established or authorized by law" and filled byappointment by elected or appointed public officials or a governmentalbody comprised of such officials. While a board member's position is established by law, meeting the first part of the definition, the second part of the definition is unmet, as the general membership elects the board of directors. This "general membership" consists of "residents of the parish who have reached the age of majority" under § 1153(A)(1). Because the board members are elected by the membership and do not have to be confirmed by any other official or public body, these members do not hold "appointive office" as defined, and are not subject to the prohibitions of R.S. 42:63 nor the incompatibility provisions of R.S.42:64. See also Opinions 07-0116 and 08-0035.
We conclude that the dual officeholding statutes do not prohibit a member of the Jackson Parish Police Jury from also serving as a member of the board of directors for the Jackson Parish Council on Aging. However, please be advised that the opinion of this office is limited to an examination of the dual-officeholding statutes. For an opinion addressing the application of the Code of Governmental Ethics to this matter, please contact the Louisiana State Board of Ethics, 2415 Quail Drive, Baton Rouge, LA 70808, phone 225-763-8777.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: _________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] The Jackson Parish Council on Aging received its charter from the Secretary of State on December 15, 1969 (charter ID 03910780N) and is listed as a non-profit corporation therein.
[2] R.S. 42:62(3) provides:
(3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
[3] R.S. 42:64 is entitled "Incompatible offices" and provides at R.S.42:64(A)(6):
A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
(6) Funds received by one office or employment are deposited with or turned over to the other office or position.